Thomas V. LaFauci, J.
This matter is brought before- the court on a voluminous stipulation of facts. The plaintiff, board of directors of the General Apartment Corporation Condominium, is suing the defendant unit owners, Ernest Gans and. Beilla Gans, for common charges and late charges which the board had assessed against the unit owner.
The General Apartment Corporation Condominium was created in 1965 by filing its declaration in the office of the City Register, Queens County. Article X of the .by-laws filed with the declaration provided for the fiscal year to begin on January 1} however, the fiscal year was changed at the first meeting of the board to July 1. Article III, section 2 of the by-laws provides that the board of managers shall be elected at the annual meeting on the second Monday of October of each year. Because óf the change in the fiscal year the board of managers changed the election of the board to August. These changes in the by-laws were never recorded as required by section 339-v of the Condominium Act of, the Beal Property Law in order to be effective.
The board of managers operated the condominium on the fiscal year of July 1 and held elections in August of each year fróm 1965 to 1971. During this time the board assessed common charges and other expenses which they deemed necessary and proper to run the condominium.
The defendant unit owners, Ernest Gans and Beilla Gans, entered into contract on January 20, 1969 and purchased their unit on June 20, 1969. During the years 1969, 1970 and until April, 1971, the defendants paid all charges as assessed by the board of governors. There developed a series of incidents between the board and the defendants involving various ásjpects of the operation of the condominium. As a result of such events the defendants submitted some checks with prejudicial language in payment of their assessed charges, which the board rejected *728 and are part of this suit. The defendants refused to make any payments on later assessments contending they are invalid. These latter charges plus late penalties constitute the balance of this action.
The court finds that the defendants may not attack the validity of the board of managers in this proceeding. (Lewis v. Matthews, 161 App. Div. 107.) The charges assessed during the years 1969 and 1970 were paid by the defendants without prejudice .and constituted actually recognition of the board of managers for over two years. Section 339-v of the Condominium Act (Beal Property Law, art. 9-B) which sets forth the necessary requirements for the by-laws does not mandate that the date of the election be included in the by-laws. The court views the change in date as possibly irregular but not so critical as to warrant a determination that all the acts of the board of managers were invalid. After acquiescing for two years in the way the board was elected and operating the defendants’ remedy would be to attack the elections in Supreme Court and seek whatever other equitable and legal recourse available in that form. As this court is a court of limited jurisdiction the court must deal with those issues which are within .the scope of its jurisdiction and cannot rule on issues, which require equitable determinations.
The court takes note of the fact that if the court were to find the charges involved were improper due to an invalid election the result would create chaos as no one would be able to manage and operate the condominium. Problems as to taxes and necessary expenditures could arise with prejudicial consequences to the investment of all the unit owners. Section 339-ii of the Condominium Act (Beal Property Law, art. 9-B) .states that the Condominium Act should be liberally construed to affect the purpose of the act. To hold that the board of managers had levied the charges improperly without setting up procedure to provide for management ¡and operation would defeat .the purpose of the Condominium Act. This court will uphold the present charges levied by the board of managers for the purposes of this action as at least the act of a de facto board. (Lewis v. Matthews, 161 App. Div. 107, supra.) The defendants may seek resolution of this situation in the Supreme Court which has the power to deal with all aspects of the matter. Judgment for the plaintiff as sought in the complaint.