■ STONY BROOK SHORES PROPERTY OWNERS ASSOCIATION, INC., Respondent, v NICHOLAS LISCIA et al., Appellants.—In an action for a permanent injunction prohibiting the defendants from subdividing certain property in alleged violation of a restrictive covenant, the defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), entered May 25, 1989, as (1) granted in part the plaintiff's motion for summary judgment, and (2) denied in part their cross motion for summary judgment.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion is denied in its entirety, and the defendants' cross motion for summary judgment is granted to the extent that the plaintiff's complaint is dismissed, and to the further extent that judgment is granted in favor of the defendant Anne Liscia on her second counterclaim, and is otherwise denied as academic, and it is declared that, as a result of a meeting conducted by the plaintiff on July 9, 1984, the plaintiff approved the defendants' proposal to subdivide the subject property, and to erect an additional residence thereon.

The plaintiff seeks to enjoin the defendants from subdividing their property in order to construct a second single-family

home, arguing that such a subdivision is prohibited by the terms of a restrictive covenant by which the defendants are bound. We need not decide whether the restrictive covenant in question is valid, or whether its terms do, in fact, prohibit such a subdivision. This is so because the record demonstrates that on July 9, 1984, a meeting of the members of the plaintiff was held and that a quorum was present in person or by proxy, and that a majority of those individuals present in person or by proxy voted to approve the proposed subdivision.

The plaintiff subsequently acted in violation of its own bylaws when it counted certain "mail-in" ballots. This was a violation of the defendants' contractual rights, because the bylaws of the plaintiff have the "force and effect of a contract" (*Weber v Sidney,* 19 AD2d 494, 497, *affd* 14 NY2d 929). Since only those ballots which were properly cast in accordance with the plaintiff's bylaws may be counted, the defendants' application must be deemed to have been approved.

The defendants are entitled to summary judgment dismissing the complaint, and to a judgment making an appropriate declaration of their rights in accordance with their second counterclaim. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.