■ BETH TIMMERMAN et al., Respondents, v BOARD OF MANAGERS OF THE ANCHORAGE CONDOMINIUM, Defendant, and PAUL FONTANA et al., Appellants. [622 NYS2d 320] —In an action, inter alia, to enjoin the appellants from mounting any challenge to an election of the Board of Managers of the Anchorage Condominium held on November 13, 1992, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), entered July 12, 1993, which, inter alia, upon searching the record, granted summary judgment to the plaintiffs and determined that the appellants acted beyond the scope of their authority as board members and without good faith in forming an executive committee of the board which suspended further meetings of the Board of Managers.

Ordered that the order and judgment is affirmed, with costs.

On November 13, 1992, the Anchorage Condominium held

an election of three members of its nine-member Board of Managers. We agree with the Supreme Court that the results of that election were valid. Section 2 of article II of the by-laws of the condominium provides that a quorum of the condominium's unit owners must be present "in person or represented by written proxy" for the transaction of business. Section 3 of article II further provides that once there is a quorum, the vote of a majority who are present "in person or represented by written proxy" shall decide any question before the meeting.

The record shows that a quorum was present on November 13, 1992, pursuant to the requirements set forth in the by-laws, and that a majority of those present voted for the three members whose election is in dispute. The appellants' argument that the proxy agents had to fill out ballots, in addition to handing in the completed proxy forms of the absent home-owners, is without merit. Although section 4 of article II of the by-laws requires that "proxies must by filed with the Secretary before the appointed time of the meeting", the fact that some of the proxies were collected at the registration table prior to the meeting was insufficient to invalidate the election (see generally, Matter of Northrup v Kirwan, 88 Misc 2d 255, 264, affd 57 AD2d 699). Further, the proxies were, in fact, proxies and not invalid "mail-in" ballots (cf., Stony Brook Shores Prop. Owners Assn. v Liscia, 169 AD2d 712).

Under the particular circumstances of this case, the Supreme Court properly held, as a matter of law, that the appellants acted beyond the scope of their authority as board members and without good faith when, without any authorization in the by-laws, they formed an executive committee which suspended further meetings of the Board of Managers (see, Big Z Car Wash Corp. v Joutar Intl., 149 AD2d 392, 393).

The appellants' remaining contentions are without merit. Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.