■ BOARD OF MANAGERS OF MADISON MEDICAL BUILDING CONDOMINIUM, Respondent, v LEOVINA L. RAMA et al., Appellants, et al., Defendants. [671 NYS2d 246] —Orders, Supreme Court, New York County (Harold Tompkins, J.), entered May 18, 1995 and November 1, 1995, which, *inter alia*, granted plaintiff's motion for summary judgment and struck defendants-appellants' affirmative defenses and counterclaim, and denied defendants-appellants' cross motion for leave to serve an amended answer, unanimously affirmed, without costs.

It is not disputed that defendants-appellants breached the condominium by-laws by not paying the subject assessments (*see, Frisch v Bellmarc Mgt.*, 190 AD2d 383, 389). The board's authority to enforce the by-laws is not necessarily compromised by technical defects in its election (*see, Caruso v Board of Mgrs.*

of *Murray Hill Terrace Condominium*, 146 Misc 2d 405, 408), and considering "the particular circumstances of this case" (*Timmerman v Board of Mgrs. of Anchorage Condominium*, 212 AD2d 523, 524), including defendants' implicit recognition of the board's general authority to act (*see, Board of Mgrs. of Gen. Apt. Corp. Condominium v Gans*, 72 Misc 2d 726, 728), the motion court properly found that defendants had no defense to plaintiff's cause of action for breach of their by-law obligation to pay assessments. Because the allegations concerning the election of the board do not constitute a defense to defendants' obligation under the by-laws to pay the assessment, the proposed counterclaims clearly lack merit (*see, e.g., Ponte & Sons v American Fibers Intl.*, 222 AD2d 271). Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.