■ TERRY STRONG, Appellant, v STEVEN B. STRONG, Respondent, et al., Defendant. [715 NYS2d 499] —Crew III, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered October 8, 1999 in Albany County, which, *inter alia*, partially granted defendants' motion for summary judgment, and (2) from the judgment entered thereon.

In 1992, plaintiff and defendant Steven B. Strong (hereinafter defendant) entered into a stipulation granting plaintiff a divorce and providing, *inter alia*, that defendant assign to plaintiff all of his right, title and interest in three businesses, one of which was defendant Wellspring Houses Company. Inasmuch as Wellspring was encumbered by a lien held by Union National Bank, defendant agreed that plaintiff would hold, as collateral, an assignment of his interest in another partnership known as Washington Medical Associates until release of that lien.

In November 1995 defendant, for good and valuable consideration, transferred all his right, title and interest in Washington Medical Associates to his partner's spouse, Kathy Striker, who took such interest subject to plaintiff's security interest. Striker and her spouse thereafter commenced an action against plaintiff seeking a declaration that the collateral assignment to plaintiff was of no force and effect. That litigation was resolved in plaintiff's favor, as a result of which Striker paid plaintiff $200,000 for the release of her security interest in Washington Medical Associates. During this same period of time, defendant received a partnership distribution from Wellspring totaling $239,846, of which he paid plaintiff $146,652.

Plaintiff thereafter commenced this action seeking, *inter alia*, to recover the balance of the partnership distribution that defendant received from Wellspring. Defendant answered and counterclaimed contending that plaintiff had been overpaid approximately $106,806 by reason of her receipt of $200,000 from her collateral security interest, as well as the $146,652 paid to her by defendant, and sought the return of such surplus from plaintiff's collateral interest. Defendant thereafter moved for summary judgment on his first through fifth and seventh counterclaims seeking, *inter alia*, recovery of the $106,806 "overpayment" received by plaintiff, and plaintiff cross-moved for, *inter alia*, dismissal of defendant's counterclaims and payment of the Wellspring partnership distribution. Supreme Court granted defendant's motion and denied plaintiff's cross motion and this appeal ensued.

As a starting point, we note that while this appeal was pending, defendant discovered that, prior to commencement of the instant action, plaintiff had transferred her interest in Wellspring and Washington Medical Associates to an irrevocable trust of which she is the income beneficiary. As a consequence, defendant made a motion to dismiss the appeal on the ground that plaintiff lacked capacity to sue. We denied defendant's motion without prejudice to the issue being raised on appeal. We now hold that plaintiff is not the real party in interest entitled to seek payment for the Wellspring partnership distribution and we will not, therefore, consider the propriety of Supreme Court's denial of her motion for summary judgment (*see, McKinney & Son v Lake Placid 1980 Olympic Games*, 61 NY2d 836). Plaintiff, however, is an aggrieved party as to the adverse judgment rendered against her on defendant's counterclaims, and we will entertain her appeal from said judgment.

Upon review of the record, we find no basis for Supreme Court's determination that defendant is entitled to relief on any of his first five counterclaims, only two of which require any extended discussion. First, defendant is not entitled to any surplus from the liquidation of plaintiff's collateral interest in Washington Medical Associates pursuant to the provisions of the Uniform Commercial Code, inasmuch as defendant transferred his interest in that partnership to Striker and no longer owns any interest in the collateral. As such, it is Striker, as the owner of the collateral, not defendant, who would be entitled to any surplus realized from plaintiff's sale (*see*, UCC 9-112; *see also*, UCC 9-504, Official Comment).

Additionally, contrary to Supreme Court's findings, defendant was not entitled to judgment based upon a theory of unjust enrichment. It is axiomatic that "[a] cause of action for unjust enrichment arises when one party possesses money * * * that in equity and good conscience they should not have obtained or possessed because *it rightfully belongs to another*" (*Mente v Wenzel*, 178 AD2d 705, 706 [emphasis supplied]). Here, defendant divested himself of his interest in Washington Medical Associates when he transferred his interest to Striker. So while it might be said that plaintiff obtained a windfall when she relinquished her security interest to Striker in exchange for $200,000, plaintiff certainly was not unjustly enriched at defendant's expense, because the money she received for her interest did not rightfully belong to him, but, rather, to Striker.

Finally, we perceive no error on the part of Supreme Court

in granting partial summary judgment to defendant on his seventh counterclaim requiring plaintiff to transfer ownership of a Security Mutual life insurance policy to defendant. Plaintiff, pursuant to the stipulation of divorce, was to transfer ownership of said policy insuring defendant's life to defendant upon release of the Union National Bank's encumbrance upon defendant's partnership interest in Wellspring. The record clearly reflects that that lien was satisfied and plaintiff is therefore obligated to transfer the policy of insurance to defendant.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded defendant Steven B. Strong judgment in the amount of $106,805.31, together with interest and costs, and, as so modified, affirmed. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Steven B. Strong's motion for partial summary judgment on his first through fifth counterclaims; said motion denied to that extent; and, as so modified, affirmed.