■ CECIL E. WARD, JR., et al., Appellants, v CITY OF NEW YORK et al., Respondents. [789 NYS2d 539]—

In an action, inter alia, to recover damages for trespass and nuisance, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Jacobson, J.), dated September 24, 2003, which granted the motion of the defendants City of New York and New York City Department of Buildings and the separate motion of the defendant New York City Transit Authority to dismiss the complaint, inter alia, for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted the motions to dismiss

the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). "[A] person entering upon the land of another without permission, 'whether innocently or by mistake, is a trespasser' " (*Golonka v Plaza at Latham,* 270 AD2d 667, 669 [2000], quoting 104 NY Jur 2d, Trespass § 10, at 454). "The essence of trespass is the invasion of a person's interest in the exclusive possession of land" (*Zimmerman v Carmack,* 292 AD2d 601, 602 [2002]). The plaintiffs failed to make any showing that buses owned and operated by the New York City Transit Authority (hereinafter the NYCTA) entered their land at any time. Therefore, the plaintiffs failed to state a cause of action to recover damages for trespass.

To recover damages based on the tort of private nuisance, a plaintiff must establish an interference with his or her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant's conduct (*see Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564, 568 [1977]; *Weinberg v Lombardi,* 217 AD2d 579 [1995]). There was no showing that the plaintiffs were denied the use and enjoyment of their property due to the conduct of the NYCTA. Therefore, the plaintiffs failed to state a cause to recover damages for nuisance.

The plaintiffs failed to state a cause of action alleging a violation of their right to substantive due process as they did not establish any property interest in the requested permits for curb cuts. The benefit received by the granting of the permits was wholly discretionary (*see Matter of Daxor Corp. v State of N.Y. Dept. of Health,* 90 NY2d 89, 98 [1997]). The plaintiffs failed to state a cause of action alleging a violation of their right to procedural due process as they failed to take advantage of all available opportunities to be heard on the denial of the permit request (*see Stringfellow's of N.Y. v City of New York,* 91 NY2d 382, 405 [1998]).

New York does not recognize civil conspiracy to commit a tort as an independent cause of action (*see Pappas v Passias,* 271 AD2d 420, 421 [2000]). Such a claim stands or falls with the underlying tort (*see Sokol v Addison,* 293 AD2d 600, 601 [2002]). Thus, as all of the other causes of action were properly dismissed, the cause of action to recover damages based on civil conspiracy was also properly dismissed. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.