GARTH MOLANDER et al., Appellants, v PEPPERIDGE LAKE HOMEOWNERS ASSOCIATION et al., Respondents. [920 NYS2d 201]—

The plaintiffs, members of Pepperidge Lake Homeowners Association, Inc., sued herein as Pepperidge Lake Homeowners Association (hereinafter the Homeowners Association), own a unit at the Pepperidge Lakes condominium complex. The condominium is located in the Town of Brookhaven.

The Homeowners Association is governed by the defendant PLHOA Board of Directors (hereinafter the Board). At all relevant times, the defendants Arthur Lorelli, Anna Mae Casatuta, John Weber, Sheila J. Nugent, and Robert Beardslee were members of the Board.

In 2005 the plaintiffs decided to construct a third-story dormer on their unit. A neighboring unit, owned by the defendant Robert L. and Shirley I. Hughes Family Trust (hereinafter the Trust), had a similar dormer. On November 30, 2006, the New York State Department of State required the plaintiffs to install a sprinkler system in the attic of their unit as a condition of the construction of a dormer on their unit. Allegedly, the Trust's unit does not have a sprinkler system installed in its attic. On or about May 12, 2008, the Town's Building Division issued the plaintiffs a building permit for the construction project. The Town's Building Division, in effect, required the plaintiffs to install a sprinkler system in the attic of their unit as a condition of the issuance of the permit. On or about August 3, 2008, the plaintiffs had the dormer constructed. The Board then imposed a fine in the sum of $2,500 upon the plaintiffs for constructing the dormer without the Board's approval.

The plaintiffs commenced this action against, among others, the Homeowners Association, the Board, the individual members of the Board, the Trust, the Town, and several town agencies and officials, alleging that their constitutional rights had been violated, challenging the imposition of the fine under numerous legal theories, and seeking related relief.

The Town and the defendants Paul M. DeChance, Terry J. Karl, Keri Peragine, Kevin McCarrick, Jane Wisdom, Diane Burke, George Proios, Town of Brookhaven Tax Assessor, Board of Assessment Review of the Town of Brookhaven, Arthur Gerhauser, John Weiss, Karen Wilutis, and James Burke (hereinafter collectively the town defendants) made a prima facie showing of their entitlement to judgment as a matter of law dismissing the causes of action against them to recover damages pursuant to 42 USC § 1983 for alleged deprivations of the plaintiffs' equal protection and due process rights (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The town defendants established, inter alia, that the determination of the Town's Building Division that the plaintiffs were required to install a

sprinkler system in the attic of their unit was not prompted by an "impermissible motive" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]). The town defendants also established that the determination had a "legal justification" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d at 628). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The Homeowners Association, the Board, and the Board's members (hereinafter collectively the Board defendants) made a prima facie showing of entitlement to judgment as a matter of law dismissing the relevant causes of action challenging certain Board determinations, including the determination imposing the fine (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Where, as here, a unit owner challenges an action of the condominium's board, "courts apply the business judgment rule" (*Yusin v Saddle Lakes Home Owners Assn., Inc.*, 73 AD3d 1168, 1170-1171 [2010]; *Helmer v Comito*, 61 AD3d 635, 636 [2009]; *see Walden Woods Homeowners' Assn. v Friedman*, 36 AD3d 691, 692 [2007]). The Board defendants demonstrated that the challenged determinations were "authorized and . . . taken in good faith and in furtherance of the legitimate interests of the condominium" (*Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 54 [1998] [internal quotation marks and citation omitted]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]). In opposition, the plaintiffs, who offered "conclusory and speculative allegations of bad faith, self-dealing, and other wrongdoing" (*Bay Crest Assn., Inc. v Paar*, 72 AD3d 713, 714 [2010]), failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

However, the Board defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the fifth cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324), which sought to compel the Board to enforce a "Declaration of Covenants, Restrictions, Easements, Charges and Liens" (hereinafter the Declaration) against certain unit owners, including the Trust. The plaintiffs alleged that those owners' units violate certain applicable codes in certain respects and, consequently, that those owners are violating the Declaration, which requires all unit owners to "observe[ ]" all "valid laws, zoning ordinances [and] the regulations of all governmental bodies having jurisdiction" over the condominium. Contrary to the Board defendants' contention, they did not establish, prima facie, that the Board is under no obligation to enforce the

Declaration. Indeed, when the condominium's developer incorporated the Homeowners Association, the developer, in the certificate of incorporation, recited that one of the Homeowners Association's "purposes" was "[t]o enforce any and all covenants, restrictions and agreements applicable to the" condominium units, "and particularly the Declaration." In addition, in the Declaration, the developer indicated that it incorporated the Homeowners Association for the "purpose" of "administering and enforcing the [Declaration's] covenants and restrictions." Accordingly, the Supreme Court should have denied that branch of the Board defendants' cross motion which was for summary judgment dismissing the fifth cause of action asserted against it (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Affording the complaint a liberal construction, accepting all facts alleged in the complaint to be true, and according the plaintiffs the benefit of every favorable inference, as required on a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint fails to state causes of action against the Trust and certain other defendant unit owners to recover damages for private nuisance (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). An "essential feature" of a private nuisance is an interference with the use or enjoyment of real property (*Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 568 [1977]). The plaintiffs failed to allege that these owners' units interfered with the use of enjoyment of the plaintiffs' real property even if the units did not comply with certain applicable codes.

The plaintiffs' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the fine imposed by the Board is not null and void. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur. 