■ 1812 Quentin Road, LLC, et al., Appellants, v 1812 Quentin Road Condominium Ltd. et al., Respondents, et al., Defendants. [943 NYS2d 206]—

In an action, inter alia, to recover damages for breach of contract and negligence, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 2, 2010, which granted the motion of the defendant Phoenix Insurance Company, also known as Travelers, for summary judgment dismissing the amended complaint insofar as asserted against it and denied their cross motion for summary judgment on the issue of liability against that defendant, and (2), as limited by their brief, from so much of an order of the same court, also dated December 2, 2010, as granted that branch of the motion of the defendants 1812 Quentin Road Condominium Ltd., and Tatiana Borodulina which was for summary judgment dismissing so much of the second cause of action as alleged breach of contract against the defendant 1812 Quentin Road Condominium Ltd.

Ordered that the first order is affirmed; and it is further,

Ordered that the second order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Phoenix Insurance Company, also known as Travelers.

The Supreme Court properly granted the motion of the defendant Phoenix Insurance Company, also known as Travelers (hereinafter Phoenix), for summary judgment dismissing the amended complaint insofar as asserted against it. Contrary to the plaintiffs' contention, Phoenix demonstrated, prima facie, a lack of coverage for the occurrence at issue, for which no disclaimer was required (*see Handelsman v Sea Ins. Co.*, 85 NY2d 96, 99 [1994]; *Zappone v Home Ins. Co.*, 55 NY2d 131, 136-137 [1982]; *Schatz v St. Paul Fire & Mar. Ins. Co.*, 269 AD2d 380 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). For the same reason, the Supreme Court properly denied the plaintiffs' cross motion for summary judgment on the issue of liability against Phoenix.

Contrary to the plaintiffs' contention, the Supreme Court properly awarded summary judgment to the defendant 1812 Quentin Road Condominium Ltd. (hereinafter the Condominium), dismissing so much of the second cause of action as alleged breach of contract against it. "Where a unit owner challenges an action by a condominium Board of Managers, courts apply the business judgment rule" (*Helmer v Comito*, 61 AD3d 635, 636 [2009]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*,

75 NY2d 530, 539 [1990]; *Acevedo v Town 'N Country Condominium, Section I, Bd. of Mgrs.*, 51 AD3d 603 [2008]; *Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1, 10 [1987]). "Under the business judgment rule, the court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws (a necessary threshold inquiry) and whether the action was taken in good faith to further a legitimate interest of the condominium. Absent a showing of fraud, self-dealing or unconscionability, the court's inquiry is so limited and it will not inquire as to the wisdom or soundness of the business decision" (*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d at 9). Here, the Condominium and the defendant Tatiana Borodulina met their prima facie burden on their motion by submitting evidence that the Condominium acted within the scope of its authority under the bylaws and in good faith to further the interests of the Condominium. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562).

The plaintiffs' remaining contention, that the Supreme Court should have sua sponte imposed sanctions for spoliation of evidence, is not properly before this Court, as it is raised for the first time on appeal. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.