In an action to foreclose liens upon condominium units for nonpayment of common charges, the defendant Astoria Plaza, LLC, appeals from a judgment of the Supreme Court, Queens County (Golia, J.), entered January 3, 2011, which, upon a decision of the same court entered October 18, 2010, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $120,943.96.
Ordered that the judgment is modified, on the facts, by reducing the amount awarded to the plaintiff from the principal sum of $120,943.96 to the principal sum of $110,143.96; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.
Contrary to the appellant’s contention, its allegations concerning the circumstances surrounding the election of the board of managers of the subject condominium do not constitute a defense to its obligation under the condominium’s bylaws to pay common charges (see Board of Mgrs. of Madison Med. Bldg. Condominium v Rama, 249 AD2d 140 [1998]; Caruso v Board of Managers of Murray Hill Terrace Condominium, 146 Misc 2d 405, 408 [1990]; Real Property Law § 339-ii).
Under the particular circumstances of this case, the plaintiffs failure to bill the appellant for common charges did not constitute a waiver of the plaintiffs rights to collect those charges (cf. Springside Land Co., LLC v Board of Mgrs. of Springside Condominium I, 56 AD3d 654, 658-659 [2008]).
The trial court erred in calculating the amount of common charges owed the plaintiff to the extent of failing to credit the appellant for payments made in the amount of $10,800. Thus, we reduce the damages award accordingly.
The appellant’s remaining contentions are without merit. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.