■ Lior Cohen et al., Respondents, v Kings Point Tenant Corporation et al., Defendants, and Brigitte Jaeger et al., Appellants. [6 NYS3d 93]—

In an action, inter alia, to recover damages for breach of fi-

duciary duty, the defendants Brigitte Jaeger and Anthony Embriano separately appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 7, 2012, which denied their separate motions pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Brigitte Jaeger and Anthony Embriano to dismiss the amended complaint insofar as asserted against each of them are granted.

The plaintiffs, who are tenants-shareholders in the defendant Kings Point Tenant Corporation (hereinafter the cooperative), commenced this action, inter alia, to recover damages for breach of fiduciary duty against, among others, Brigitte Jaeger, the president of the cooperative's Board of Directors (hereinafter the Board), and Anthony Embriano, a member of the Board. The plaintiffs alleged, among other things, that Jaeger and Embriano (hereinafter together the defendants) breached their fiduciary duties in refusing to address chronic water leakage and mold infestation throughout the building, including in the plaintiffs' apartment, and that the defendants' conduct was motivated by discrimination on the basis of the plaintiffs' religion. The defendants separately moved pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against each of them. In an order dated December 7, 2012, the Supreme Court denied the motions.

Contrary to the plaintiffs' contention, the Supreme Court should have granted the defendants' motions to dismiss the amended complaint insofar as asserted against each of them for failure to state a cause of action. "In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether from the complaint's 'four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Nasca v Sgro*, 101 AD3d 963, 964 [2012], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[T]he court must afford the complaint a liberal construction, 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860, 860 [2013] [citation omitted], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

" 'In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative

board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith' " (*Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc.*, 108 AD3d 697, 699 [2013], quoting *40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003]). Although "decision making tainted by discriminatory considerations is not protected by the business judgment rule" (*Fletcher v Dakota, Inc.*, 99 AD3d 43, 48 [2012]), the amended complaint contained only conclusory allegations of discrimination, without any factual basis (*see 40 W. 67th St. v Pullman*, 100 NY2d at 157; *see generally Godfrey v Spano*, 13 NY3d 358, 373 [2009]). Moreover, the amended complaint was devoid of allegations that the defendants acted tortiously other than within the scope of their authority as Board members of the cooperative (*see 20 Pine St. Homeowners Assn. v 20 Pine St. LLC*, 109 AD3d 733, 735-736 [2013]; *Hill v Murphy*, 63 AD3d 680, 681 [2009]; *Brasseur v Speranza*, 21 AD3d 297, 298 [2005]).

Further, since the plaintiffs failed to allege that the defendants entered their property without permission at any time, they failed to state a cause of action alleging trespass against those defendants (*see Ward v City of New York*, 15 AD3d 392, 393 [2005]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted the defendants' separate motions to dismiss the amended complaint insofar as asserted against each of them. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.