■ Bruce Griffin, Appellant, v Sherwood Village, Co-op "C", Inc., Respondent. [13 NYS3d 522]—

In an action to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), dated May 30, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a shareholder-tenant of the defendant, Sherwood Village, Co-op "C", Inc. (hereinafter the cooperative), commenced this action to recover damages for breach of fiduciary duty. The plaintiff alleged that the cooperative breached its fiduciary duty by denying an application which would have permitted him to resell his shares in the cooperative to a particular prospective buyer. The cooperative moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

"In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination '[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith'" (*40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003], quoting *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *see Cohen v Kings Point Tenant Corp.*, 126 AD3d 843, 844-845 [2015]). "'[D]ecision making tainted by discriminatory considerations is not protected by the business judgment rule'" (*Cohen v Kings Point Tenant Corp.*, 126 AD3d at 845, quoting *Fletcher v Dakota, Inc.*, 99 AD3d 43, 48 [2012]; *see 40 W. 67th St. v Pullman*, 100 NY2d at 157).

Here, the cooperative demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that its denial of the resale application was protected by the business judgment rule (*see Molander v Pepperidge Lake Homeowners Assn.*, 82 AD3d 1180, 1183 [2011]; *Bay Crest Assn., Inc. v Paar*, 72 AD3d 713, 713-714 [2010]). In particular, the cooperative demonstrated that its denial of the resale application was authorized, and done in good faith and in furtherance of the legitimate interests of the cooperative, in light of significant debt the prospective buyer held relating to a separate property. The evidence the plaintiff submitted in opposition to this showing was insufficient to raise a triable issue of fact as to whether the resale application was actually denied for a discriminatory reason, or any other reason not protected by the business judgment rule. Accordingly, the cooperative's motion was properly granted.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.