■■ RENATO J. PASCUAL et al., Appellants, v RUSTIC WOODS HOMEOWNERS ASSOCIATION, INC., et al., Respondents. [24 NYS3d 81]—

In an action, inter alia, for permanent injunctive relief, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated December 17, 2013, as denied their motion for summary judgment on the complaint and granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Kathleen Fogarty, as president of Rustic Woods Condominium I, and Cooper Square Realty, Inc., and (2) from a judgment of the same court dated January 10, 2014, which, upon the order, is in favor of the defendants Kathleen Fogarty, as president of Rustic Woods Condominium I, and Cooper Square Realty, Inc., and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from so much of the order as denied those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Kathleen Fogarty, as president of Rustic Woods Condominium I, and Cooper Square Realty, Inc., and granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against those defendants, is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Kathleen Fogarty, as president of Rustic Woods Condominium I; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Kathleen Fogarty, as president of Rustic Woods Condominium I, is denied, the complaint is reinstated insofar as asserted against that defendant, and the order is modified accordingly.

The appeal from so much of the order as denied those branches of the plaintiffs' motion which were for summary judgment on the complaint insofar as asserted against the defendants Kathleen Fogarty, as president of Rustic Woods Condominium I, and Cooper Square Realty, Inc., and granted those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against those defendants, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

The plaintiffs own a unit at Rustic Woods Condominium I (hereinafter the Condominium), and are members of Rustic Woods Homeowners Association, Inc. (hereinafter the Homeowners Association). In 2012, the Homeowners Association determined that a maintenance/repair project was necessary, which project included the replacement of perimeter fencing. Thereafter, the Board of Managers of the Condominium voted to fund the project through certain special assessments, and Cooper Square Realty, Inc. (hereinafter Cooper), the Condominium's managing agent, included a charge for the special

assessments on the plaintiffs' bills for common charges. The plaintiffs subsequently commenced this action against the Homeowners Association, Kathleen Fogarty, as president of the Condominium, and Cooper, alleging, inter alia, that the special assessments were enacted in violation of the bylaws of the Homeowners Association and the Condominium. On these appeals, the plaintiffs contend that the Supreme Court should have granted their motion for summary judgment on the complaint, and should have denied those branches of the defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against Fogarty, as president of the Condominium, and Cooper.

Where a unit owner challenges an action by a condominium Board of Managers, courts apply the business judgment rule (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537 [1990]; *1812 Quentin Rd., LLC v 1812 Quentin Rd. Condominium Ltd.*, 94 AD3d 1070, 1071 [2012]; *Molander v Pepperidge Lake Homeowners Assn.*, 82 AD3d 1180, 1183 [2011]). "Under the business judgment rule, the court's inquiry is limited to whether the board acted within the scope of its authority under the bylaws (a necessary threshold inquiry) and whether the action was taken in good faith to further a legitimate interest of the condominium" (*1812 Quentin Rd., LLC v 1812 Quentin Rd. Condominium Ltd.*, 94 AD3d at 1072 [internal quotation marks omitted]). Here, neither the plaintiffs nor the defendants established their entitlement to judgment as a matter of law on the issue of whether the subject actions were beyond the scope of the authority set forth in the subject bylaws and thus not protected by the business judgment rule. Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint, and should have denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Fogarty, as president of the Condominium.

However, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Cooper. A violation of bylaws is akin to a breach of contract (*see Pomerance v McGrath*, 124 AD3d 481, 482 [2015]; *Stony Brook Shores Prop. Owners Assn. v Liscia*, 169 AD2d 712, 713 [1991]). An agent who acts on behalf of a disclosed principal will not be liable for a breach of contract unless there is clear and explicit evidence of the agent's intention to be personally bound (*see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]; *Mencher v Weiss*, 306 NY 1, 4 [1953]; *Lido Beach Towers v*

*Denis A. Miller Ins. Agency, Inc.*, 128 AD3d 1025, 1027 [2015]; *Safety Envtl., Inc. v Barberry Rose Mgt. Co., Inc.*, 94 AD3d 969 [2012]). Here, the defendants established, as a matter of law, that at all times, Cooper was acting as agent for a disclosed principal and did not intend to be personally bound (*see Brasseur v Speranza*, 21 AD3d 297, 299 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.