■ BEACH POINT PARTNERS et al., Appellants, v BEACHCOMBER, LTD., et al., Respondents. [41 NYS3d 92]—

In an action, inter alia, for a judgment declaring that the defendants breached their fiduciary duty and obligation owed to the plaintiffs, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 8, 2014, which granted the defendants' motion, in effect, for summary judgment declaring that they did not breach their fiduciary duty and obligation owed to the plaintiffs by prohibiting them from parking on the grass behind the building where their cooperative apartment unit is located, and denied the plaintiffs' motion for a preliminary injunction as academic.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendants did not breach their fiduciary duty and obligation owed to the plaintiffs by prohibiting them from parking on the grass behind the building where their cooperative apartment unit is located.

The plaintiffs, shareholder-tenants of the defendant Beachcomber, Ltd. (hereinafter the cooperative), commenced this action for a judgment declaring that the cooperative's board of directors, who were individually named as defendants, breached their fiduciary duty. They alleged that the defendants acted in bad faith and discriminated against them by prohibiting parking on the grass behind the building where their cooperative apartment unit was located. The plaintiffs claimed that when they purchased their shares in the unit, they had been granted a right to park in that location since the only entry to the unit is in the rear of the building. They also claimed that since they are the only shareholders with a rear-facing unit, the defendants' action was specifically targeted at them. The defendants moved for summary judgment dismissing the complaint. While that motion was pending, the plaintiffs moved for a preliminary injunction. The Supreme

Court granted the plaintiffs a temporary restraining order pending determination of their motion. The court subsequently granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiffs' motion as academic.

"In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination '[s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith' " (*40 W. 67th St. v Pullman*, 100 NY2d 147, 153 [2003], quoting *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]; *see Griffin v Sherwood Vil., Co-op "C", Inc.*, 130 AD3d 780, 781 [2015]; *Cohen v Kings Point Tenant Corp.*, 126 AD3d 843, 844-845 [2015]). " '[D]ecision making tainted by discriminatory considerations is not protected by the business judgment rule' " (*Cohen v Kings Point Tenant Corp.*, 126 AD3d at 845, quoting *Fletcher v Dakota, Inc.*, 99 AD3d 43, 48 [2012]; *see 40 W. 67th St. v Pullman*, 100 NY2d at 157).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that the decision to enforce parking rules and prohibit parking in the grass area behind one of the cooperative buildings was protected by the business judgment rule (*see Molander v Pepperidge Lake Homeowners Assn.*, 82 AD3d 1180, 1183 [2011]; *Bay Crest Assn., Inc. v Paar*, 72 AD3d 713, 713-714 [2010]). In particular, the defendants demonstrated that they were acting in the best interests of the cooperative after making a number of capital improvements that added to the aesthetics and value of the property. The evidence the plaintiffs submitted in opposition to this showing was insufficient to raise a triable issue of fact as to whether the defendants' decision was discriminatory, or based on any other reason not protected by the business judgment rule. Accordingly, the defendants' motion was properly granted.

In light of the above determination, we need not reach the plaintiffs' remaining contention.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendants did not breach their fiduciary duty and obligation owed to the plaintiffs by prohibiting them from parking on the grass behind the building where their cooperative apartment unit is located (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.