Robert L. Guarino, Ph.D., Plaintiff-Appellant,
against
Shebitz, Berman Cohen & Delforte, PC., Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Nancy M. Bannon, J.), entered November 25, 2013, which granted defendant's motion for summary judgment dismissing the complaint and on its counterclaim in the sum of $10,475.75.




Per Curiam.
Order (Nancy M. Bannon, J.), entered November 25, 2013, modified to deny that portion of defendant's motion for summary judgment on the counterclaim and to grant plaintiff summary judgment dismissing the counterclaim; as modified, order affirmed, without costs.
This breach of contract action, seeking to hold defendant law firm liable for services rendered by plaintiff, was properly dismissed on defendant's motion for summary judgment. The evidentiary submissions made by defendant established, prima facie, that defendant was acting as an agent for a disclosed principal, nonparty Academy at Ivy Ridge ["AIR"], and that defendant did not intend to be personally bound for the educational consulting services rendered by plaintiff to AIR (see Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1003, 1005-1006 [2015], lv dismissed in part and denied in part 27 NY3d 1189 [2016]). In opposition, plaintiff failed to raise any triable issue of fact.
However, summary judgment should not have been granted to defendant on the counterclaim for unjust enrichment. Although defendant claims that plaintiff was overpaid for the services rendered, defendant acknowledged that plaintiff performed consulting services for AIR, that plaintiff was paid from funds that defendant received from AIR, and that defendant was merely the "payment conduit between AIR and plaintiff." On these facts, plaintiff was not unjustly enriched at defendant's expense, because the money plaintiff received did not belong to defendant, but, rather, to AIR (see Citibank, N.A. v Walker, 12 AD3d 480, 481 [2004]; Strong v Strong, 277 AD2d 533, 534 [2000]). Thus, defendant's motion for summary judgment on the counterclaim should have been denied and, upon searching the record pursuant to CPLR 3212(b), [*2]summary judgment granted to plaintiff dismissing the counterclaim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: December 28, 2016