Matter of Reynolds v Towers on the Park Condominium (2019 NY Slip Op 08610)





Matter of Reynolds v Towers on the Park Condominium


2019 NY Slip Op 08610


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10487 100624/17

[*1] In re Linda Reynolds, Petitioner-Appellant,
v
Towers on the Park Condominium, an unincorporated association, et al., Respondents-Respondents.


Brian M. DeLaurentis, P.C., New York (Brian M. DeLaurentis of counsel), for appellant.
Boyd Richards Parker & Colonnelli, P.L., New York (Matthew T. Clark of counsel), for respondents.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered July 5, 2018, denying the petition brought pursuant to CPLR article 78 seeking, inter alia, to void two amendments to the condominium declaration and by-laws dated May 25, 2011 and June 12, 2012, and granting respondents' motion to dismiss the proceeding, unanimously affirmed, without costs.
The first amendment at issue, which changed the voting threshold needed to amend the declaration and by-laws from 80% to 66 & 2/3%, was approved by over 80% of the common interest in May 2011. The second, which altered the by-laws to allow unit owners to lease their units after having owned them for at least one year, was approved by over 67% of the common interest in June 2012.
The delay in recording the amendments with the City Register until March 2017 was a "technical defect[]" insufficient to invalidate the amendments (Board of Mgrs. of Madison Med. Bldg. Condominium v Rama, 249 AD2d 140, 140 [1st Dept 1998]; see Caruso v Board of Managers of Murray Hill Terrace Condominium, 146 Misc 2d 405, 408 [Sup Ct, NY County 1990]). The record demonstrates that voting was held; a contractor conducted the voting and reported the vote totals; the amendments were recorded before petitioner commenced this proceeding; and the amendments were executed by the former board president upon approval. Moreover, petitioner relied on their passage when, as a board member in 2012, she approved procedures governing the leasing of units.
The process of holding the meeting open on the voting threshold amendment, in order to reach a quorum, was, at most, a technical defect. This allowed over 96% of the common interest to cast a vote, including petitioner (see Board of Mgrs. of Madison Med. Bldg. Condominium, 249 AD2d at 140). Petitioner waived any challenge to the procedure used to approve the leasing amendment by conceding, in her opposition to respondents' motion, that a quorum was reached at the meeting.
The amendment to the by-laws allowing leasing after one year of ownership is not barred by a blanket ban contained in covenants running with the land, which are set forth in the Land Disposition Agreement between the City of New York and the sponsor. Paragraph 5.02(a)(2) thereof requires owner occupancy only for the "first" bona fide purchaser of each unit. Paragraph 5.01(d) thereof excludes bona fide purchasers from the related covenant to sell to purchasers "who agree to own and occupy" the units "for their primary and personal use," and that covenant "cease[d] to exist" as to each unit upon its sale by the sponsor. Paragraph 2.15 thereof, which is in the article governing construction and marketing by the sponsor, and requires the sponsor to build homes for sale "unless otherwise authorized in writing by HPD," does not apply to bona fide purchasers.
Petitioner's remaining contentions are unpreserved (see Antiohos v Morrison, 144 AD3d [*2]427, 428 [1st Dept 2016]), and, in any event, are unavailing. The failure to file amendments with the Secretary of State does not invalidate them (Real Property Law § 339-s[2]; see Matter of Bronco Dev. Corp. v Assessor of the Town of Bethlehem, 26 Misc 3d 1219[A], 2010 NY Slip Op 50173[U] [Sup Ct, Albany County 2010]), as they become effective when "duly recorded" with the City Register (Real Property Law § 339-s[1]; see Real Property Law § 290[4]; Ashland Equities Co. v Clerk of N.Y. County, 110 AD2d 60, 65 [1st Dept 1985]).
Furthermore, a "practical interpretation" of the declaration leads to the conclusion that consent of the sponsor — which is no longer involved — to changes in the amendment process was not required (JFURTI, LLC v First Capital Real Estate Advisors, L.P., 165 AD3d 419, 420 [1st Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK