Chan v 907 Corp. (2022 NY Slip Op 04117)

Chan v 907 Corp.

2022 NY Slip Op 04117

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Index No. 154242/21 Appeal No. 16213 Case No. 2021-04714 

[*1]Angelo Chan et al., Plaintiffs-Respondents,
v
907 Corporation et al., Defendants-Appellants.

Belkin • Burden • Goldman, LLP, New York (Magda L. Cruz of counsel), for 907 Corporation and the Board of Directors of 907 Corporation, appellants.
Wasserman Grubin & Rogers, LLP, New York (Andrew K. Lipetz of counsel), for Abby Crisses and Andrew Crisses, appellants.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Michael E. Fleiss of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 15, 2021, which granted plaintiffs' motion for a preliminary injunction directing defendants 907 Corporation (the Co-op) and the Board of Directors of 907 Corporation (Board) to lift their directive that plaintiffs shut off the plumbing waste drain for their apartment, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiffs failed to demonstrate a likelihood of success on the merits of their breach of contract and breach of fiduciary duty claims, irreparable injury in the absence of injunctive relief, or a balance of equities in their favor (see CPLR 6301; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]).
As to the breach of contract claims, the alteration agreement empowers the Co-op and its architect to direct the replacement of pipes, does not expressly limit where the Co-op can direct pipes to be placed, and allows the Co-op to suspend work for plaintiff's failure to comply with the Co-op's directives. Similarly, the proprietary lease gives the Co-op discretion as to how to maintain the building and allows for the "failure, interruption or curtailment" of hot and cold water "due to . . . alterations or repairs desirable or necessary to be made." Thus, shutting off the waste water line does not breach the Co-op's duty to provide waste water drainage. Moreover, plaintiffs concede that they still have one functioning bathroom, indicating that they have water and waste water service.
As to the breach of fiduciary duty claims, the letters from the Co-op's architect demonstrate that the decision to reroute the waste line was made in good faith to avoid further leaks in the century-old pipes and joints (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 537-538 [1990]). Plaintiffs did not proffer "nonconclusory assertions of malevolent conduct" or evidence that they were "single[d] out for harmful treatment," and only speculated that the Board favored defendants Abby and Andrew Crisses over them (Levandusky, 75 NY2d at 540, 542; see also Cohen v Kings Point Tenant Corp., 126 AD3d 843, 845 [2d Dept 2015]).
Further, should plaintiffs prevail, the monetary damages they seek on their claims for deprivation of quiet enjoyment would provide an adequate remedy (see Harris v Patients Med., P.C., 169 AD3d 433, 434-435 [1st Dept 2019]; Goldstone v Gracie Terrace Apt. Corp., 110 AD3d 101, 105 [1st Dept 2013]).
The balance of the equities does not weigh in plaintiffs' favor. Although they proposed an alternative method of replacing the pipe, they failed to respond to the Crisseses' assertions that this method would entail substantial work or that the pipe is not actually running above their dropped bathroom ceiling (see Goldstone, 110 AD3d at 106).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: June 28, 2022