Young v 101 Old Mamaroneck Rd. Owners Corp. (2022 NY Slip Op 06955)

Young v 101 Old Mamaroneck Rd. Owners Corp.

2022 NY Slip Op 06955

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-01298
 (Index No. 57263/19)

[*1]Joan A. Moo Young, appellant, 
v
101 Old Mamaroneck Road Owners Corp., et al., respondents, et al., defendants.

Joan A. Moo Young, White Plains, NY, appellant pro se.
Marin Goodman, LLP, Harrison, NY (Russell S. Jamison of counsel), for respondents 101 Old Mamaroneck Road Owners Corp. and 101 Old Mamaroneck Road Owners Corp.'s Board of Directors, Officers & Agents (Unnamed Defendants).
Bleakley Platt & Schmidt, LLP, White Plains, NY (Adam Rodriguez and Susan E. Galv o of counsel), respondent pro se and for respondent James W. Glatthaar.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 2, 2020. The order granted the motion of the defendants Bleakley Platt & Schmidt, LLP, and James W. Glatthaar pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and, in effect, granted that branch of the motion of the defendants 101 Old Mamaroneck Road Owners Corp. and 101 Old Mamaroneck Road Owners Corp.'s Board of Directors, Officers & Agents (Unnamed Defendants) which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the motion of the defendants 101 Old Mamaroneck Road Owners Corp. and 101 Old Mamaroneck Road Owners Corp.'s Board of Directors, Officers & Agents (Unnamed Defendants) which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as sought declaratory relief against them, and adding thereto a provision deeming that branch of the motion to be for a declaratory judgment in favor of those defendants, and thereupon granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the respondents, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment in accordance herewith.
In late 1992, the plaintiff and her father entered into a contract for the purchase of shares in the defendant 101 Old Mamaroneck Road Owners Corp. referable to a cooperative apartment unit in White Plains. The plaintiff is an attorney, and she represented herself and her father during the transaction. At the closing in 1993, the plaintiff and her father allegedly stated that they intended to take title as joint tenants with rights of survivorship, and they indicated as much in the appropriate field of their mortgage application. The defendant 101 Old Mamaroneck Road Owners Corp.'s Board of Directors, Officers & Agents (Unnamed Defendants) (hereinafter the [*2]Board) issued a stock certificate (hereinafter the 1993 certificate) to the plaintiff and her father, but it contained no language indicating that they were joint tenants with rights of survivorship.
The plaintiff's father died in 1997, survived by the plaintiff, his other three children, and the plaintiff's stepmother, from whom the father was either estranged or divorced. The plaintiff thereafter requested that the Board reissue the subject shares in her name alone, allegedly on the ground that she was the "surviving joint tenant," to enable her to obtain a second mortgage. On September 16, 2004, the Board issued a replacement stock certificate naming the plaintiff as the sole owner of the shares (hereinafter the 2004 certificate), but only after the plaintiff supplied proof that her siblings waived any interest they may have had in the apartment.
In early 2017, the plaintiff entered into a contract with a third party for the sale of the shares referable to her apartment. The Board approved the sale on May 3, 2017, but reversed itself less than a week later, allegedly explaining, among other things, that it viewed the 1993 certificate as conveying a tenancy in common, it considered the 2004 certificate to be invalid, and it would not consent to a sale unless a court-appointed representative of the plaintiff's father's estate authorized the transfer of the estate's interest in the shares represented by the 1993 certificate. The plaintiff sought to obtain such authorization by commencing a proceeding in the Surrogate's Court, but she then discovered a Medicaid recovery lien against her stepmother's estate that might encumber her father's estate's interest in the subject shares. Unable to locate proof that her father and stepmother had divorced prior to 1993, the plaintiff discontinued the Surrogate's Court proceeding.
In May 2019, the plaintiff commenced this action in the Supreme Court against, among others, the Board and 101 Old Mamaroneck Road Owners Corp. (hereinafter together the co-op defendants), as well as the co-op defendants' former counsel and transfer agent, Bleakly Platt & Schmidt, LLP (hereinafter BPS), and James W. Glatthaar, who served in various capacities on the Board and as an employee of BPS. The complaint purported to assert causes of action against the co-op defendants sounding in conversion, estoppel, breach of fiduciary duty, and tortious interference with contract, and a cause of action against all defendants sounding in negligence. The complaint sought, inter alia, compensatory damages against all defendants and declaratory and injunctive relief against the co-op defendants that would, in effect, require them to recognize the validity of the 2004 certificate.
BPS and Glatthaar moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. They argued, among other things, that the complaint failed to state a cause of action against them sounding in negligence because it did not allege any duty owed by them to the plaintiff. The co-op defendants separately moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. They argued, among other things, that the business judgment rule precluded liability for any of their allegedly wrongful actions underlying the causes of action identified in the complaint. In an order dated January 2, 2020, the Supreme Court granted the motion of BPS and Glatthaar and, in effect, granted that branch of the motion of the co-op defendants which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, concluding that the complaint should be dismissed pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), 'the standard is whether the pleading states a cause of action'" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 663, quoting Sokol v Leader, 74 AD3d 1180, 1180-1181). In considering such a motion, "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Phillips v Taco Bell Corp., 152 AD3d 806, 807; see Leon v Martinez, 84 NY2d 83, 87-88; Houtenbos v Fordune Assn., Inc., 200 AD3d at 663; Sokol v Leader, 74 AD3d at 1181). Nonetheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373; see Matter of Kenneth Cole Prods., Inc., Shareholder Litig., 27 NY3d 268, 278).
The Supreme Court properly granted the motion of BPS and Glatthaar pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. "Absent fraud, collusion, malicious acts, or other special circumstances, an attorney is not liable to third parties not in privity, or near-privity, for harm caused by professional negligence" (Hinnant v Carrington Mtge. Servs., LLC, 172 AD3d 827, 829; see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 595). Here, the complaint and the supporting documentation attached thereto did not allege or evince any facts that would establish a relationship of privity or near-privity with the plaintiff arising from the actions of BPS and Glatthaar as transfer agent on behalf of the Board, or any involvement by those defendants whatsoever in the Board's treatment of the plaintiff's shares in 2017. Furthermore, the complaint does not contain specific allegations that would place the plaintiff within an exception to the privity requirement (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d at 595).
The Supreme Court also properly granted that branch of the co-op defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them to the extent that it sought damages and injunctive relief. "In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith" (40 W. 67th St. v Pullman, 100 NY2d 147, 153 [internal quotation marks omitted]; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538; Matter of Cohan v Board of Directors of 700 Shore Rd. Waters Edge, Inc., 108 AD3d 697, 699). Here, the complaint and the supporting documentation attached thereto did not allege or evince any facts that would support a finding that the co-op defendants acted without authority or in bad faith. Instead, at most, the complaint made only conclusory allegations in that regard (see Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611, 613; Cohen v Kings Point Tenant Corp., 126 AD3d 843, 845). Accordingly, the complaint failed to adequately allege that the co-op defendants breached any duty, as adjusted by the business judgment rule (see 40 W. 67th St. v Pullman, 100 NY2d at 154-155), that was owed to the plaintiff, and thus failed to state a cause of action sounding in conversion, estoppel, breach of fiduciary duty, tortious interference with contract, or negligence. Furthermore, since her allegations were not sufficient to overcome the business judgment rule, the plaintiff was not entitled to the declaratory relief sought in the complaint.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, making appropriate declarations in favor of the co-op defendants (see Lanza v Wagner, 11 NY2d 317, 334; Park Slope Auto Ctr., Inc. v Papa, 190 AD3d 754, 757; North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 889-890).
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court