Levy v 103-25 68th Ave. Owners, Inc. (2024 NY Slip Op 00185)

Levy v 103-25 68th Ave. Owners, Inc.

2024 NY Slip Op 00185

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-02519
2022-02520
 (Index No. 709388/18 )

[*1]Salomon Levy, et al., respondents, 
v
103-25 68th Avenue Owners, Inc., et al., appellants, et al., defendants.

Gartner + Bloom, P.C., New York, NY (Arthur P. Xanthos of counsel), for appellants.
Charles A. Termini, Oceanside, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for housing discrimination, the defendants 103-25 68th Avenue Owners, Inc., John P. Lovett & Associates, Ltd., Dagmara K. Krasa, Michael L. Marks, and Pat Jennings appeal from (1) an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered February 7, 2022, and (2) an order of the same court entered February 14, 2022. The order entered February 7, 2022, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second cause of action and the ninth cause of action insofar as asserted against them. The order entered February 14, 2022, denied those defendants' motion to impose sanctions upon the plaintiffs.
ORDERED that the order entered February 7, 2022, is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants 103-25 68th Avenue Owners, Inc., John P. Lovett & Associates, Ltd., Dagmara K. Krasa, Michael L. Marks, and Pat Jennings which were pursuant to CPLR 3211(a) to dismiss the second cause of action and the ninth cause of action insofar as asserted against them are granted; and it is further,
ORDERED that the appeal from the order entered February 14, 2022, is dismissed as abandoned; and it is further,
ORDERED that one bill of costs is awarded to the defendants 103-25 68th Avenue Owners, Inc., John P. Lovett & Associates, Ltd., Dagmara K. Krasa, Michael L. Marks, and Pat Jennings.
The plaintiffs are the former proprietary lessees of a cooperative apartment located in Forest Hills. The plaintiffs were involved in a prolonged noise dispute with the occupants of a neighboring apartment, during which many complaints were made to the defendants 103-25 68th Avenue Owners, Inc., the cooperative corporation, John P. Lovett & Associates, Ltd., the cooperative's management company, and Dagmara K. Krasa, Michael L. Marks, and Pat Jennings, individual members of the cooperative's board of directors (hereinafter collectively the co-op defendants). After attempts were made to resolve the dispute, including a formal mediation, and to enforce the cooperative's rules concerning noise, the board of directors voted to terminate the [*2]plaintiffs' lease, and an eviction proceeding was commenced against the plaintiffs. The plaintiffs subsequently moved out of the apartment and ultimately sold their shares in the cooperative corporation.
In June 2018, the plaintiffs commenced this action against the co-op defendants and the occupants of the neighboring apartment, alleging, inter alia, that the co-op defendants exceeded the scope of their authority, discriminated against them for having children, and acted in bad faith. The co-op defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them. They subsequently moved to impose sanctions upon the plaintiffs. In an order entered February 7, 2022, the Supreme Court denied those branches of the co-op defendants' motion which were to dismiss the second cause of action and the ninth cause of action insofar as asserted against them and granted those branches of the motion which were to dismiss the remaining causes of actions insofar as asserted against them. In an order entered February 14, 2022, the court denied the co-op defendants' motion to impose sanctions upon the plaintiffs. The co-op defendants appeal.
The co-op defendants' appeal from the order entered February 14, 2022, must be dismissed as abandoned, as their brief does not request modification or reversal of any portion of that order (see Canberg v County of Nassau, 214 AD3d 943, 944; Ashfaq v Ice Cream Depot Corp., 209 AD3d 704, 706).
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611, 612 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must "'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Nonnon v City of New York, 9 NY3d 825, 827, quoting Leon v Martinez, 84 NY2d at 87-88). Nonetheless, "conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373; see Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 774). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Leon v Martinez, 84 NY2d at 88; Guggenheimer v Ginzburg, 43 NY2d 268, 275; Sokol v Leader, 74 AD3d 1180, 1181-1182).
"In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith" (40 W. 67th St. v Pullman, 100 NY2d 147, 153 [alterations and internal quotation marks omitted]; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538; Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d at 775). "The business judgment rule does not apply when a cooperative board acts outside the scope of its authority or violates its own governing documents" (Matter of Dicker v Glen Oaks Vil. Owners, Inc., 153 AD3d 1399, 1402 [internal quotation marks omitted]; see Katz v Board of Mgrs. of Stirling Cove Condominium Assn., 201 AD3d 634, 636).
Contrary to the plaintiffs' contentions, the amended complaint, as amplified by the their evidentiary submissions, failed to set forth acts outside the scope of authority of the board of directors, or any violations of the cooperative's governing documents by the co-op defendants, sufficient to support the second cause of action. Moreover, the plaintiffs made only conclusory allegations, without any factual basis, that the co-op defendants acted in bad faith or with a discriminatory motive (see 40 W. 67th St. v Pullman, 100 NY2d at 157; Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d at 775; Patel v Gardens at Forest Hills Owners Corp., [*3]181 AD3d at 612; Cohen v Kings Point Tenant Corp., 126 AD3d 843, 845). Accordingly, the Supreme Court should have granted that branch of the co-op defendants' motion which was to dismiss the second cause of action.
The Supreme Court should have granted that branch of the co-op defendants' motion which was to dismiss the ninth cause of action insofar as asserted against them pursuant to CPLR 3211(a)(7). To the extent that the ninth cause of action identifies any cognizable claims, it is duplicative of the causes of action sounding in discrimination and malicious prosecution, which the court properly determined were subject to dismissal pursuant to CPLR 3211(a)(7) (see Cohen v Kings Point Tenant Corp., 126 AD3d at 845; Hudson Val. Mar., Inc. v Town of Cortlandt, 79 AD3d 700, 703).
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court