Paden v Brooklyn Museum of Arts (2024 NY Slip Op 02062)

Paden v Brooklyn Museum of Arts

2024 NY Slip Op 02062

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-02113
 (Index No. 506524/21)

[*1]Francisca Paden, appellant, 
v
Brooklyn Museum of Arts, etc., et al., defendants, Swarovski North America, Ltd., etc., respondents.

G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Goldberg Segalla LLP, New York, NY (William T. O'Connell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 14, 2022. The order granted the motion of the defendants Swarovski North America, Ltd., Swarovski Retail Ventures, Ltd., and Swarovski Digital Business USA, Inc., pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured in June 2018, when she tripped over a sign on the sidewalk outside the Brooklyn Museum of Art advertising an event at the museum—the "2018 CFDA Fashion Awards in partnership with Swarovski." In 2021, the plaintiff commenced this action against, among others, the defendants Swarovski North America, Ltd., Swarovski Retail Ventures, Ltd., and Swarovski Digital Business USA Inc. (hereinafter collectively the Swarovski defendants) to recover damages for personal injuries. The plaintiff alleged, inter alia, that her injuries were caused by the negligence of, among others, the Swarovski defendants. The Swarovski defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated February 14, 2022, the Supreme Court granted the motion.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 790, 791 [internal quotation marks omitted]). "However, allegations consisting of bare legal conclusions . . . are not entitled to any such consideration" (Doe v Hauppauge Union Free Sch. Dist., 213 AD3d 809, 810 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11). "Dismissal of [a cause of action] is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Pinnacle Capital, LLC v O'Bleanis, 214 AD3d 913, 915).
"'To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury'" (Smith v Dutchess Motor Lodge, 213 AD3d 881, 881, quoting Lynfatt v Escobar, 71 AD3d 743, 744). "As a general rule, liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control or special use of the property" (Torres v City of New York, 153 AD3d 647, 648). "The existence of one or more of these elements gives rise to a duty of care" (Abramson v Janowski's Hamburgers, Inc., 216 AD3d 605, 606).
Here, the plaintiff failed to adequately allege facts that would support a finding that the Swarovski defendants owned, occupied, controlled or made a special use of the property abutting the sidewalk where the accident allegedly occurred, and, thus, the complaint failed to sufficiently plead that the Swarovski defendants owed a duty of care to the plaintiff (see Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 775). "[A]t most, the complaint made only conclusory allegations in that regard" (id. at 775).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the Swarovski defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court