Epstein v Cantor (2025 NY Slip Op 06990)

Epstein v Cantor

2025 NY Slip Op 06990

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-07617
 (Index No. 506730/19)

[*1]Scott Epstein, etc., appellant-respondent, 
v
Robert I. Cantor, et al., respondents-appellants, Bryan J. Mazzola, et al., respondents.

Hiller P.C., New York, NY (Michael S. Hiller of counsel), for appellant-respondent.
Profeta & Eisenstein, New York, NY (Jethro M. Eisenstein of counsel), for respondents-appellants.
Abrams Fensterman, LLP, Brooklyn, NY (Melanie I. Wiener, Lisa Colosi Florio, and Aaron Zucker of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals, and the defendants Robert I. Cantor and Robert I. Cantor, PLLC, cross-appeal, from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 19, 2022. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court dated December 11, 2020, granting the motion of the defendants Bryan J. Mazzola, W. Todd Boyd, Boyd Richards Parker Colonelli, P.L., and Boyd Richards NY, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them and denied that branch of the plaintiff's motion which was for leave to renew his opposition to those defendants' motion. The order, insofar as cross-appealed from, upon reargument, in effect, vacated so much of the order dated December 11, 2020, as granted the motion of the defendants Robert I. Cantor and Robert I. Cantor, PLLC, pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against them, and thereupon denied the motion.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendants Robert I. Cantor and Robert I. Cantor, PLLC, and one bill of costs to the defendants Bryan J. Mazzola, W. Todd Boyd, Boyd Richards Parker Colonelli, P.L., and Boyd Richards NY, LLC, payable by the plaintiff.
This action arises from the dissolution of a law firm. The underlying facts for this appeal and cross-appeal can be found in our decision and order on a related appeal (see Epstein v Cantor, ___ AD3d ___ [Appellate Division Docket No. 2020-09376; decided herewith]).
In an order dated December 11, 2020, the Supreme Court, inter alia, granted the motion of the defendants Robert I. Cantor and Robert I. Cantor, PLLC (hereinafter together the Cantor defendants), pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against them and granted the motion of the defendants Bryan J. Mazzola, W. Todd Boyd, Boyd Richards Parker Colonelli, P.L., and Boyd Richards NY, LLC (hereinafter [*2]collectively the Boyd defendants), pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
Thereafter, the plaintiff, Scott Epstein, moved for leave to reargue and renew his opposition to the defendants' separate motions. In an order dated August 19, 2022, the Supreme Court, among other things, upon reargument, in effect, denied the Cantor defendants' motion pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against them and adhered to the determination granting the Boyd defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The court also denied that branch of Epstein's motion which was for leave to renew his opposition to the Boyd defendants' motion. Epstein appeals, and the Cantor defendants cross-appeal.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Piccoli v Cerra, Inc., 174 AD3d 754, 756 [internal quotation marks omitted]).
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88; Gorbatov v Tsirelman, 155 AD3d 836, 837). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Klein v Catholic Health Sys. of Long Is., Inc., 231 AD3d 797, 797, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142). Moreover, "'conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss'" (Jennings v Metropolitan Transp. Auth., 226 AD3d 662, 663 [internal quotation marks omitted], quoting Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 774). Further, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one" (id. at 663-664 [internal quotation marks omitted]).
"A partnership is an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10[1]). "In the agreement establishing a partnership, the partners can chart their own course" (Congel v Malfitano, 31 NY3d 272, 278-279). "[W]hile New York's Partnership Law provides certain default provisions where a partnership agreement is silent, where the agreement clearly sets forth the terms between the partners, it is the agreement that governs" (Zohar v LaRock, 185 AD3d 987, 991; see Congel v Malfitano, 31 NY3d at 279). "In the absence of prohibitory provisions of the statutes or of rules of the common law relating to partnerships, or considerations of public policy, the partners of either a general or limited partnership, as between themselves, may include in the partnership articles any agreement they wish concerning the sharing of profits and losses, priorities of distribution on winding up of the partnership affairs and other matters. If complete, as between the partners, the agreement so made controls" (Lanier v Bowdoin, 282 NY 32, 38; see Congel v Malfitano, 31 NY3d at 287-288). However, "[w]hen there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties" (Saibou v Alidu, 187 AD3d 810, 811; see Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1490).
Here, it is undisputed that a written agreement, executed in 1995, existed between Cantor and Epstein, which provided that the agreement was entered into to "form the partnership" that would become Cantor, Epstein & Mazzola, LLP (hereinafter CEM). The agreement also provided the terms of that partnership and that the agreement was the complete agreement of the parties. Thus, pursuant to the plain language of the agreement between Cantor and Epstein, which [*3]"govern[ed]" their relationship, CEM was a partnership and Epstein was a partner thereof (Congel v Malfitano, 31 NY3d at 279; see Zohar v LaRock, 185 AD3d at 991). As such, the agreement did not utterly refute Epstein's factual allegations that he was a partner of CEM or conclusively establish a defense as a matter of law to the second and third causes of action, alleging breach of fiduciary duty and a violation of Partnership Law § 20(3), respectively, insofar as asserted against Cantor, and the fourth cause of action, for an accounting (see CPLR 3211[a][1]; Piccoli v Cerra, Inc., 174 AD3d at 756-757; Esposito v Weiner, 160 AD3d 928, 930). Accordingly, the Supreme Court, upon reargument, properly, in effect, denied the Cantor defendants' motion pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against them.
Contrary to Epstein's contention, the Supreme Court, upon reargument, properly adhered to the determination granting the Boyd defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them for the reasons stated in our decision and order on the related appeal (see Epstein v Cantor, ___ AD3d ___ [Appellate Division Docket No. 2020-09376; decided herewith]).
Moreover, the Supreme Court properly denied that branch of Epstein's motion which was for leave to renew his opposition to the Boyd defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. "A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination" (id. § 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). Here, Epstein failed to demonstrate that the new facts submitted in the form of deposition testimony of Cantor in a related action and an affidavit of an attorney who at one time was a partner at CEM, would have changed the prior determination (see 1KB & MS, LLC v Happy Living Constr., LLC, 228 AD3d 604, 606).
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court