Epstein v Cantor (2025 NY Slip Op 06989)

Epstein v Cantor

2025 NY Slip Op 06989

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-09376
 (Index No. 506730/19)

[*1]Scott Epstein, etc., appellant, 
vRobert I. Cantor, et al., respondents.

Hiller P.C., New York, NY (Michael S. Hiller and Scott D. Woller of counsel), for appellant.
Profeta & Eisenstein, New York, NY (Jethro M. Eisenstein of counsel), for respondents Robert I. Cantor and Robert I. Cantor, PLLC.
Abrams Fensterman, LLP, Brooklyn, NY (Robert A. Spolzino, Lisa Colosi Florio, and Melanie I. Wiener of counsel), for respondents Bryan J. Mazzola, W. Todd Boyd, Boyd Richards Parker Colonelli, P.L., and Boyd Richards NY, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 11, 2020. The order, insofar as appealed from, granted the motion of the defendants Robert I. Cantor and Robert I. Cantor, PLLC, pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against them and granted the motion of the defendants Bryan J. Mazzola, W. Todd Boyd, Boyd Richards Parker Colonelli, P.L., and Boyd Richards NY, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order as granted the motion of the defendants Robert I. Cantor and Robert I. Cantor, PLLC, pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against them is dismissed as academic, as that portion of the order was, in effect, vacated by an order of the same court dated August 19, 2022, made upon reargument (see Epstein v Cantor, ___ AD3d ___ [Appellate Division Docket No. 2022-07617; decided herewith]); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Bryan J. Mazzola, W. Todd Boyd, Boyd Richards Parker Colonelli, P.L., and Boyd Richards NY, LLC, payable by the plaintiff.
This action arises from the dissolution of a law firm. In 1995, the plaintiff, Scott Epstein, and the defendant Robert I. Cantor entered into an agreement to "form the partnership" that would ultimately become Cantor, Epstein & Mazzola, LLP (hereinafter CEM), upon the addition of the defendant Bryan J. Mazzola. Pursuant to an agreement dated January 1, 2013, entered into by, [*2]among others, Epstein, Cantor, and Mazzola, as of that date, Mazzola became solely a W-2 salaried employee of CEM, with no equity interest in CEM.
In 2015, Cantor informed Epstein, Mazzola, and Gary Ehrlich, a senior attorney working at CEM at the time, that Cantor had decided to leave CEM. This led to negotiations between Cantor, Epstein, Mazzola, and Ehrlich about the future of CEM and the terms of a potential buyout of Cantor's interest. Mazzola and Ehrlich proposed to purchase the equity in the firm in return for a payout to Cantor and Epstein. Epstein allegedly rejected this offer, and thereafter, Mazzola and Ehrlich determined that they would be leaving CEM. In June 2016, letters purportedly from CEM were sent to certain clients stating that Mazzola, Ehrlich, and two other attorneys were leaving CEM to join a new firm and that CEM had no objection to those attorneys contacting the clients to solicit their continued representation of them.
In 2019, Epstein, individually and as a partner of CEM, commenced this action against Cantor and the defendant Robert I. Cantor, PLLC (hereinafter together the Cantor defendants), and Mazzola and the defendants W. Todd Boyd, Boyd Richards Parker Colonelli, P.L., and Boyd Richards NY, LLC (hereinafter collectively the Boyd defendants), alleging, inter alia, that Cantor, without Epstein's consent, formed his own firm and transferred almost all of CEM's clients, which were based in large part upon the client base and relationships that Epstein had accumulated over many years, to the law firms of Boyd Richards Parker Colonelli, P.L. and Boyd Richards NY, LLC (hereinafter together the Boyd firms), with the help of Boyd and Mazzola. Epstein asserted causes of action alleging breach of contract against Cantor (first cause of action), alleging breach of fiduciary duty against Cantor and Mazzola (second cause of action), alleging a violation of Partnership Law § 20(3) against Cantor and Mazzola (third cause of action), for an accounting against Cantor (fourth cause of action), alleging conversion against Cantor (fifth cause of action), alleging a violation of the faithless servant doctrine against Mazzola (sixth cause of action), alleging unjust enrichment against Mazzola (seventh cause of action), alleging corporate raiding against the Boyd defendants (eighth cause of action), alleging aiding and abetting Cantor's breach of fiduciary duty against the Boyd defendants (ninth cause of action), alleging unfair competition against the Boyd firms (tenth cause of action), and alleging tortious interference with contract against the Boyd defendants (eleventh cause of action).
The Cantor defendants moved pursuant to CPLR 3211(a) to dismiss the second, third, and fourth causes of action insofar as asserted against them, arguing, inter alia, that the CEM agreement demonstrated that CEM was not a partnership and Epstein was never a partner in CEM, and thus, there was no fiduciary relationship and Epstein was not owed fiduciary duties. The Boyd defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them for the same reasons, among others, as argued by the Cantor defendants. In an order dated December 11, 2020, the Supreme Court, among other things, granted the motions of the Cantor defendants and the Boyd defendants. Epstein appeals.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Piccoli v Cerra, Inc., 174 AD3d 754, 756 [internal quotation marks omitted]).
"In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Bono v Stim & Warmuth, P.C., 215 AD3d 911, 911 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88; Gorbatov v Tsirelman, 155 AD3d 836, 837). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Klein v Catholic Health Sys. of Long Is., Inc., 231 AD3d 797, 797, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142). Moreover, "'conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient [*3]to survive a motion to dismiss'" (Jennings v Metropolitan Transp. Auth., 226 AD3d 662, 663 [internal quotation marks omitted], quoting Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 774). Further, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one" (id. at 663-664 [internal quotation marks omitted]).
"A partnership is an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10[1]). "In the agreement establishing a partnership, the partners can chart their own course" (Congel v Malfitano, 31 NY3d 272, 278-279). "[W]hile New York's Partnership Law provides certain default provisions where a partnership agreement is silent, where the agreement clearly sets forth the terms between the partners, it is the agreement that governs" (Zohar v LaRock, 185 AD3d 987, 991; see Congel v Malfitano, 31 NY3d at 279). "In the absence of prohibitory provisions of the statutes or of rules of the common law relating to partnerships, or considerations of public policy, the partners of either a general or limited partnership, as between themselves, may include in the partnership articles any agreement they wish concerning the sharing of profits and losses, priorities of distribution on winding up of the partnership affairs and other matters. If complete, as between the partners, the agreement so made controls" (Lanier v Bowdoin, 282 NY 32, 38; see Congel v Malfitano, 31 NY3d at 287-288). However, "[w]hen there is no written partnership agreement between the parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties" (Saibou v Alidu, 187 AD3d 810, 811; see Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1490).
The Supreme Court properly granted the Boyd defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The Boyd defendants established their entitlement to dismissal of the second and third causes of action, alleging breach of fiduciary duty and a violation of Partnership Law § 20(3), respectively, insofar as asserted against Mazzola pursuant to CPLR 3211(a)(1). The Boyd defendants submitted, inter alia, the agreement dated January 1, 2013, between, among others, Cantor, Epstein, and Mazzola, which rendered a 2007 partnership agreement between Cantor and Mazzola null and void and provided that Mazzola, as of January 1, 2013, was solely a W-2 salaried employee of CEM, with no equity interest in CEM. Thus, the January 1, 2013 agreement utterly refuted Epstein's allegations that Mazzola was a partner of CEM. Accordingly, the Supreme Court properly granted dismissal of the second and third causes of action insofar as asserted against Mazzola (see Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669).
The remaining causes of action asserted against the Boyd defendants, alleging a violation of the faithless servant doctrine and unjust enrichment against Mazzola, corporate raiding, aiding and abetting Cantor's breach of fiduciary duty, and tortious interference with contract against the Boyd defendants, and unfair competition against the Boyd firms, all either failed to plead the requisite elements for such causes of action or were based on bare allegations that were merely conclusory and lacked factual specificity, which rendered them insufficient to survive a motion to dismiss pursuant to CPLR 3211(a)(7) (see Jennings v Metropolitan Transp. Auth., 226 AD3d at 663-664).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court