Byington v North Sea Assoc., LLC (2025 NY Slip Op 07372)

Byington v North Sea Assoc., LLC

2025 NY Slip Op 07372

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-10467
 (Index No. 610860/22)

[*1]Grace A. Byington, etc., respondent, 
vNorth Sea Associates, LLC, etc., appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, Albany, NY (Lori R. Semlies and Steven V. DeBraccio of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 19, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff, as administrator of the estate of the decedent, commenced this action against the defendant, the nursing home where the decedent resided prior to her death from October 2019 until June 2020. The plaintiff alleged that the decedent was infected with COVID-19 while residing at the nursing home, which ultimately resulted in her death on June 15, 2020. The plaintiff asserted causes of action to recover damages for a violation of Public Health Law § 2801-d, wrongful death, and gross negligence. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, inter alia, that it was immune from liability under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1). In opposition, the plaintiff argued, among other things, that the repeal of the EDTPA in April 2021 was retroactive and, therefore, the defendant was not immune from liability. In an order dated July 19, 2023, the Supreme Court denied the defendant's motion. The defendant appeals. The plaintiff has not filed a brief.
"'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory'" (Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732, quoting Watts v City of New York, 186 AD3d 1577, 1578). "Nevertheless, 'conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss'" (Lockwood v CBS Corp., 219 AD3d 1326, 1327 [internal quotation marks omitted], quoting Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 774; see Godfrey v Spano, 13 NY3d 358, 373). "[T]he allegations of [a] pleading cannot be vague and conclusory, but must contain sufficiently particularized allegations from which a cognizable cause of action reasonably could be found" (Lam v Weiss, 219 AD3d 713, 715 [internal quotation marks omitted]; see Monaghan v Roman Catholic Diocese of Rockville Ctr., 165 AD3d 650, 652). "'A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR [*2]3211(a)(7)'" (Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669 [internal quotation marks omitted], quoting Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 761-762). "'If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 618 [internal quotation marks omitted], quoting Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732; see Sokol v Leader, 74 AD3d 1180, 1181-1182). "'Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Kluska v Montefiore St. Luke's Cornwall, 227 AD3d 690, 691 [internal quotation marks omitted], quoting Mera v New York City Health & Hosps. Corp., 220 AD3d at 669).
"A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law" (Ajaka v Mount Sinai Hosp., 189 AD3d 963, 965; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
"As is relevant here, the EDTPA initially provided, with certain exceptions, that a health care facility shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services as long as three conditions were met: [1] the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; [2] the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and [3] the services were arranged or provided in good faith" (Gonnelly v Newburgh Operations, LLC, 236 AD3d 866, 867 [internal quotation marks omitted]; see Public Health Law former § 3082[1]). "The health care services covered by the immunity provision included[, at least initially,] those related to the diagnosis, prevention, or treatment of COVID-19; the assessment or care of an individual with a confirmed or suspected case of COVID-19; and the care of any other individual who presented at a health care facility or to a health care professional during the period of the COVID-19 emergency declaration" (Gonnelly v Newburgh Operations, LLC, 236 AD3d 867-868 [internal quotation marks omitted]; see Public Health Law former § 3081[5]). "The immunity conferred by EDTPA did not apply, however, 'if the harm or damages were caused by an act or omission constituting willful or intentional criminal misconduct, gross negligence, reckless misconduct, or intentional infliction of harm by the health care facility or health care professional'" (Ruth v Elderwood at Amherst, 209 AD3d 1281, 1283, quoting Public Health Law former § 3082[2]).
The Supreme Court erred in determining that the repeal of the EDTPA applied retroactively (see Gonnelly v Newburgh Operations, LLC, 236 AD3d at 868; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 619).
The defendant's submissions, including, inter alia, the affidavit of its acting director of nursing in 2020, its various COVID-19 pandemic-related policies and protocols, the directives issued by the New York State Department of Health, and the defendant's progress notes regarding the decedent, conclusively established that the defendant was entitled to immunity as the three requirements for immunity under the EDTPA were satisfied (see Public Health Law former § 3082[1]; Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732; Mera v New York City Health & Hosps. Corp., 220 AD3d at 670).
Moreover, here, no exception to the immunity provision of the EDTPA is applicable (see Public Health Law former § 3082[2]). With respect to the plaintiff's cause of action alleging gross negligence or reckless or intentional misconduct, the allegations are no more than "'bare legal conclusions with no factual specificity[, which] are insufficient to survive a motion to dismiss'" (Lockwood v CBS Corp., 219 AD3d at 1327 [internal quotation marks omitted], quoting Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d at 774; see CPLR 3211[a][7]; Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 110-111).
Additionally, either the plaintiff's allegations of negligence by the defendant prior to [*3]the COVID-19 pandemic regarding, among other things, the defendant's violation of certain state and federal regulations are "'bare legal conclusions with no factual specificity[, which] are insufficient to survive a motion to dismiss'" (Lockwood v CBS Corp., 219 AD3d at 1327, quoting Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d at 774; see Whitehead v Pine Haven Operating, LLC, 222 AD3d at 111), or the defendant's submissions, including, inter alia, the affidavit of its acting director of nursing in 2020 and its various infection control policies developed prior to the beginning of the COVID-19 pandemic, conclusively established its defense to such allegations (see Martinez v NYC Health & Hosps. Corp., 223 AD3d at 732-733).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of our determination, we need not reach the defendant's remaining contentions.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court